KITCHENS, JUSTICE,
DISSENTING:
¶ 31.1 fully join the excellent analysis in Justice King’s dissent and agree that Jesse Frank Mouton is entitled to a new trial because the trial court permitted the State’s expert to provide opinion testimony which had not been disclosed to defense counsel as required by Rule 9.04' of the Uniform Rules of Circuit and County Court Practice.
¶ 32. I write only to observe that this Court has held, in civil cases, that “nurses cannot testify as to medical causation.” Vaughn v. Miss. Baptist Med. Ctr., 20 So.3d 645, 652 (Miss. 2009). The Court continued that, “[sjince medical diagnosis is outside a nurse’s scope of practice, logically it would follow that a nurse' should not be permitted to testify as to his/her diagnostic impressions or as to the cause of a particular infectious- disease or illness.” Id. “This is in keeping with the majority rule that nursing experts cannot opine as to medical causation and are unable to establish the necessary element of proximate' cause.” Id.
¶ 33. Conversely, this Court attempted to craft a distinction in order to permit sexual assault nurse examiners (SANEs) to testify that sexual assault injuries are consistent with trauma: “Thomas, a sexual-assault nurse examiner, did not testify as to what caused [the victim’s] injuries; her testimony was only that those injuries were consistent with blunt, penetrating trauma.” Young v. State, 106 So.3d 775, *1087 783 (Miss. 2012) (emphasis in original). There, the Court found that “the supervising physician, in this case Dr. Claudette Shepard, made a final determination as to ultimate causation, medical diagnosis, and treatment.” Id. at 781. Seemingly to the contrary, the Court then reasoned that to require physician supervision would be too restrictive: “[t]o restrict SANEs from testifying as to sexual assault would set a dangerous precedent, forcing supervising physicians to devote more of their valuable time to trial work, and making it more difficult for rape victims to achieve justice, while failing to provide any useful protections to sexual-assault defendants.” Id. at 784.
¶ 34. I concurred in part and dissented in part in Young, quoting my Vaughn dissent in support of the majority’s holding that the trial court had not erred by allowing the sexual assault nurse examiner’s testimony:
[T]he issue of whether a particular nurse, by virtue of his or her knowledge, skill, experience, training or education, possesses such ability is better determined by a case-by-case inquiry than by a broad, “one-size-fits-all” judicial pontification to the effect that no nurse in the world will ever be allowed to testify as to medical causation in any Mississippi court case. As is true of any other profession, the education, experience and understanding of nurses span a broad spectrum. We should not enunciate a hard and fast' rule that permanently forecloses the possibility of any nurse’s being qualified to give expert testimony on medical causation in any and all cases that may arise in the future.
Young, 106 So.3d at 790 (Kitchens, J., concurring in part and dissenting in part) (quoting Vaughn, 20 So.3d at 657 (Kitchens, J,, dissenting)).
135,-In the present case, Nurse-Auge opined, .as an. expert, that the shape and location of the .victim’s injuries indicated that those injuries were caused, not by a hard stool exiting the anus, but rather by something entering the anus: “[t]he tears are indicative of something large penetrating the anal sphincter.”
¶ 36. I maintain that qualified nurses— irrespective of whether they are qualified in civil or. criminal cases—should be allowed to testify to causation. If this Court forbids a qualified nurse to testify to causation in a civil case in which mere money is at’ stake, why should a sexual assault nurse examiner be permitted to testify to causation in a criminal óase in which the defendant’s liberty is at stake and in which the State is obligated to prove each element of the crime beyond a reasonable doubt? The only apparent explanations for such arbitrary, contradictory rules are, first, the interest of civil defendants in preventing potentially harmful causation testimony from an otherwise-qualified nurse and, second, the expediency to the State of utilizing the testimony of a qualified sexual assault nurse examiner in obtaining a conviction. Such interest-driven distinction is not legitimate and renders the notion that the Mississippi Rules of Evidence are applied the same in civil and criminal trial a'mere myth. • ■
KING, J., JOINS THIS OPINION.